**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**(Tampa Division)**

TAMPA BAY AMERICANS WITH
DISABILITIES ASSOCIATION, INC.;
a not-for-profit Florida corporation,
VIVIAN PETERS and BARBARA CONKLIN,

    Plaintiffs,

vs.                 Civil Action No.:

COUNTRY PIZZA INN, INC., a Florida corporation
and ARTHUR ALIMONOS,

    Defendants.
_____/

## COMPLAINT

   Plaintiffs, Tampa Bay Americans with Disabilities Association, Inc., Vivian Peters, and

Barbara Conklin, by and through their undersigned counsel and by way of Complaint against the

Defendants, Country Pizza Inn, Inc. and Arthur Alimonos, allege as follows:

### JURISDICTION AND PARTIES

   1.  This is an action for declaratory and injunctive relief pursuant to Title III of the

Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189.  This Court is vested with

original jurisdiction under 28 U.S.C. §§ 1331, 1343.

   2.  Venue is proper in this Court, the Tampa Division, pursuant to 28 U.S.C. §

1391(b) and Rule 1.02, Local Rules of the United States District Court for the Middle District of

Florida.

   3.  Plaintiff Tampa Bay Americans with Disabilities Association, Inc. ("TBADA") is

a Florida corporation which is organized and existing in the State of Florida.  TBADA's members

members include qualified persons with disabilities under the ADA.  A central tenant of

TBADA's mission statement is to represent its disabled members in legal actions seeking to

protect and enforce the rights of disabled persons against discrimination on the basis of their

disabilities.  Among other things, TBADA is committed to making public places and commercial

establishments accessible to its members and to all Americans so that its membership and other

persons with disabilities can gain access to and enjoy such places to the same extent as persons

without disabilities.  TBADA, Vivian Peters and Barbara Conklin have suffered and/or will suffer

as a result of the Defendants' actions and/or inaction as fully articulated herein.

4.      Plaintiff Vivian Peters ("Ms. Peters") is a resident of Pinellas County, Florida, and

is a qualified individuals with disabilities under the ADA as she is mobility impaired and uses an

electric scooter and a wheelchair.  She is also a member of TBADA in good standing.

5.      Plaintiff Barbara Conklin ("Ms. Conklin") is a resident of Pinellas County,

Florida, and is a qualified individuals with disabilities under the ADA as she is mobility impaired

and uses an electric wheelchair.  She is also a member of TBADA in good standing

6.      Defendant Country Pizza Inn, Inc. ("Country Pizza") is a Florida corporation

which is doing business in the State of Florida and has its principal place of business at 25856 US

19 North, Clearwater, Florida 33763.  On information and belief, Country Pizza operates a

restaurant (the "Subject Facility") at this location, which is the subject of this action.

7.      Defendant Arthur Alimonos ("Mr. Alimonos") is a resident of Pinellas County,

Florida and is the owner of the real property and improvements which constitute the Subject

Facility, the previously referenced restaurant.  The Subject Facility is as a place of public

accommodation covered under the ADA pursuant to 42 U.S.C. § 12181 (7) and 28 C.F.R. §

36.104.

8.      All events giving rise to this lawsuit occurred in Pinellas County, Florida.

9.      All conditions precedent to the filing of this suit have been satisfied or waived.

## FACTUAL ALLEGATIONS

10.      The Subject Facility is an establishment serving food and drink and is open to the general public.

11.      Ms. Peters and Ms. Conklin live in close proximity to the Subject Facility and recently encountered difficulties in gaining full and equal access to the services, facilities and/or accommodations provided at the Subject Facility because of the existence of architectural barriers.  Those barriers include, without limitation, the following:

A.      The route from accessible parking spaces requires persons using wheelchairs to cross a vehicular traffic lane and travel behind approximately five parking spaces and is not located on the shortest accessible route of travel from the parking area to an accessible entrance, making it difficult and dangerous to enter the Subject Facility in a wheelchair;

B.      The ramp that leads from the parking lot to the entrance of the Subject Facility is not fully accessible, making it difficult for persons using wheelchairs to enter the Subject Facility;

C.      The sales counter within the Subject Facility is too high, making it difficult for persons using wheelchairs to pay for meals at that counter;

D.      The restrooms at the Subject Facility and the alcoves leading to them are inaccessible, making it difficult or impossible for persons using wheelchairs to use the restrooms or any of the elements within them; and

E.      In addition to the standing derived from directly encountering architectural barriers identified above, the "futile gesture" doctrine affords TBADA and Plaintiffs Ms. Peters and Ms. Conklin with standing to address other architectural barriers located within the restrooms at the Subject Facility which they have not yet directly encountered because of their inability to enter and fully utilize those restrooms.

12.      Ms. Peters and Ms. Conklin have the present intent to return to the Subject Facility as patrons in the future but desire to have the Subject Facility brought into compliance with the ADA as soon as reasonably possible so that all architectural barriers to access are removed and any discriminatory practices and policies are appropriately eliminated or modified.

## CAUSE OF ACTION

13.      Plaintiffs, TBADA, Vivian Peters and Barbara Conklin incorporate by reference and reallege each of the allegations contained in Paragraphs 1-12 of this Complaint with the same force and vigor as if set out here in full.

14.      On or about July 26, 1990, Congress enacted the ADA   *See* 42 U.S.C. § 12101 *et seq*.  Commercial enterprises were provided one and a half years from the enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if a business has ten (10) or fewer employees and gross receipts of $500,000.00 or less.  42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

15.      Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Subject Facility is a place of public accommodation in that it is restaurant serving food and drink and is open to the general public.

16.      Defendants Country Pizza and Mr. Alimonos have intentionally discriminated, and

–4–

and continue to so discriminate, against the Plaintiffs — and others who are similarly situated — by: (1) denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations located at the Subject Facility in derogation of 42 U.S.C. § 12182; and by (2) failing to remove certain architectural barriers on the premises as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

17.     Ms. Peters and Ms. Conklin have been, is and will continue to be denied access to and the benefit of, services available at the Subject Facility since:

A.     Ms. Peters and Ms. Conklin have a definite need and intention to return to the Subject Facility as patrons in the future; and

B.     Ms Peters and Ms. Conklin will also seek to use the services and premises at the Subject Facility in the future to ensure that these facilities are in compliance with the ADA so that Ms. Peters and Ms. Conklin, the membership of TBADA and all other persons with disabilities will have full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Facility.

18.     Ms. Peters and Ms. Conklin have a realistic, credible, existing and continuing threat of discrimination from the Country Pizza and Mr. Alimonos' continuing violations of the ADA based on the violations set forth in this Complaint, and other violations not yet identified. Ms. Peters and Ms. Conklin have a reasonable fear that they will continue to be discriminated against in violation of the ADA unless they are afforded injunctive relief by this Court.

19.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA in 28 C.F.R. Part 36.

–5–

20.     Defendants Country Pizza and Mr. Alimonos are in violation of 42 U.S.C. §§ 12181 *et seq*. and 28 C.F.R. §§ 36.302 *et seq*. and are discriminating against Plaintiffs as a result of, *inter alia*, the following specific violations:

A.      Lack of accessible parking spaces located at nearest point to an accessible entrance to the Subject Facility;

B.      Lack of accessible ramp;

C.      Lack of accessible service counter;

D.      Lack of minimum space for hinged doors in a series;

E.      Lack of maneuvering space at restroom doors;

F.      Lack of accessible restrooms;

G.      Lack of appropriate mirror height within restrooms;

H.      Lack of insulated lavatory drain pipes;

I.      Any other miscellaneous violations of the ADA and regulations promulgated pursuant thereto.

21.     To date, the readily achievable barriers and other violations of the ADA still exist at the Subject Facility and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

22.     Defendants Country Pizza Inn, Inc. and Mr. Alimonos are jointly and severally liable for the claims set forth herein.

23.     Plaintiffs, TBADA, Ms. Peters and Ms. Conklin have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay reasonable attorneys' fees, as well as costs and expenses incurred in this action.  Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from Defendants Country Pizza and

Mr. Alimonos pursuant to 42 U.S.C. § 12205.

24.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, other similarly situated individuals with disabilities to the extent required by the ADA, and/or closing the subject facility until the requisite modifications are completed.

**WHEREFORE**, the Plaintiffs respectfully request that this Court grant the following injunctive and declaratory relief:

A.     Enter a declaratory judgment that by and through Defendants' ownership and/or operation of the real property and improvements which comprise the Subject Facility, Defendants have willfully and wrongfully violated their statutory obligations pursuant to the ADA and deprived Plaintiffs of their rights under the law, as alleged herein;

B.     Order Defendants to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     Order Defendants to evaluate and neutralize their policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures;

D.     Order Defendants to expeditiously make all reasonable and appropriate modifications to their policies, practices and procedures; remove all architectural and communication barriers that are readily achievable, or take alternative readily achievable measures; and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise treated differently and discriminated against;

E.      Award reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit, to Plaintiffs TBADA, Ms Peters, and Ms. Conklin; and

F.      Award such other and further relief as the Court deems necessary, just and proper.

Respectfully Submitted,

THE LAW OFFICE OF
WILLIAM J. MOORE, III, P.A.
1648 Osceola Street
Jacksonville, Florida 32204
(904) 685-2172
(904) 685-2175

s/William J. Moore, III
William J. Moore, III
Florida Bar No. 0971812
Trial Counsel